UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| UNION FOR TRADITIONAL JUDAISM, et al., | : | Case No. 10-22958 (RDD) (Jointly Administered) |
| Debtors. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### ORDER, PURSUANT TO SECTIONS 363 AND 105(a) OF THE BANKRUPTCY CODE, AUTHORIZING DEBTORS TO REMOVE TREE FROM DEBTORS' PROPERTY

Upon the motion, dated October 1, 2010 (the "Motion")[1] of Union for Traditional Judaism and Institute of Traditional Judaism, Inc., as debtors and debtors in possession (together, the "Debtors"), pursuant to sections 363 and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtors to remove a certain tree (the "Tree") from their property, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having notice of the Motion and Hearing (as defined below) to: (i) the Office of the United States Trustee for

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the Southern District of New York, Attention: Richard C. Morrissey, Esq.; (ii) the Office of the New York Attorney General, Attention: Carl L. DiStefano, Esq.; (iii) counsel to the proposed buyer; 333 Realty LLC; (iv) counsel to each of the secured creditor and DIP Lender; (v) all known creditors; (vi) the federal and state taxing authorities; and (vii) parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002; and the Court having considered the "Consolidated Objection" dated October 11, 2010 filed by Netivot Shalom ("NS") and the Debtors' Reply dated October 15, 2010; and the Court having held a hearing to consider the requested relief on **October 18, 2010** (the "Hearing"); and upon the record of the Hearing, and all of the proceedings before the Court, the Court finds and determines that the requested relief is in the best interests of the Debtors, their estates, creditors, and all parties in interest; the Debtors have provided due and proper notice of the Motion and Hearing, and no further notice is necessary; the legal and factual bases set forth in the Motion establish just and sufficient cause to grant the requested relief herein; now, therefore, it is

**ORDERED** that the Motion is granted to the extent set forth herein; and it is further

**ORDERED** that, pursuant to sections 363 and 105(a) of the Bankruptcy Code, the Debtors are authorized to remove the Tree from the Property no earlier than the date that is after the date of entry of this Court's Order approving the sale of the Property unless safety issues dictate otherwise; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: White Plains, New York
October 19, 2010

/s/ Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE